**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CURTIS ALFORD,<br><br>*Plaintiff,*<br><br>v.<br><br>HEATHER COFER,<br><br>*Defendant.* | No. 4:26-cv-00477-MAL |

**Memorandum and Order**

Petitioner Alford filed an Amended Habeas Petition under 28 U.S.C. § 2241. Doc. 6. The Court **DENIES** the petition.

## I. Background

On December 2, 2020, Alford was convicted of carjacking in the U.S. District Court for the Eastern District of Missouri. Doc. 1-2 at 1. The judge in that federal case sentenced Alford to twenty years' imprisonment, to run concurrent to any sentence imposed in the subsequent state court prosecution. *Id.* at 2. Alford eventually pled guilty in Missouri state court to charges arising from the same conduct. Doc. 7 at 1. Alford is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. Doc. 6 at 1; *Potosi Correctional Center*, Missouri Department of Corrections (last visited Nov. 2, 2026), https://doc.mo.gov/facilities/all.

Alford filed a habeas petition under 28 U.S.C. § 2241, seeking to be transferred from state custody to federal custody. *Id.* at 3.

## II. Legal Standard

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court may grant a writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws

or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). If the petitioner's detention is lawful, "the writ of habeas corpus shall not extend to [the petitioner.]" 28 U.S.C. § 2241(c).

## III. Analysis

Alford presents five grounds to support his transfer from state to federal prison. First, Alford argues that he should be in federal custody because his federal conviction preceded his state conviction. Doc. 6 at 2. Second, Alford argues that the State of Missouri violated the Double Jeopardy clause of the U.S. Constitution's Fifth Amendment because federal and state authorities prosecuted him for the same underlying conduct. *Id.* at 6. Third, Alford argues that his lawyer was ineffective because his co-defendant received an acquittal. Doc. 1 at 6. Fourth, Alford argues that the conditions of his confinement justify a transfer. Doc. 7 at 3–5. Fifth, Alford argues that his federal judgment of conviction requires federal custody. *Id.* at 2–3. The Court rejects all five grounds.

### A. Alford's first ground in support of transfer fails.

Alford's first ground in support of transfer fails. According to Alford, he should be in federal prison because his federal conviction preceded his state conviction. Doc. 6 at 2. That is wrong.

To prosecute Alford, federal authorities obtained a writ of habeas corpus *ad prosequendum* to transfer Alford from state to federal custody.[1] The writ of habeas corpus *ad prosequendum* permits a prisoner to be physically transferred from state to federal custody. *Elwell v. Fisher*, 716 F.3d 477, 482 (8th Cir. 2013). But the writ does not terminate the state's primary jurisdiction over the prisoner. *Id.* Rather, the prisoner is "on loan" to federal authorities. *Id.* Once the federal prosecution ends, the prisoner returns to state custody. *United States v. Dowdle*, 217 F.3d 610, 611–12 (8th Cir. 2000) (*per curiam*). Alford was originally in Missouri's custody, but Missouri

[1] Application for Writ of Habeas Corpus Ad Prosequendum, *United States v. Alford*, 4:18-cr-831 (E.D. Mo. October 10, 2018) (Doc. 8).

temporarily loaned Alford to federal custody for prosecution.[2] Thus, the federal authorities acted appropriately in transferring Alford back to Missouri custody after completing the federal prosecution. *See* Doc. 6 at 1 (noting that Alford is currently incarcerated at the Potosi Correctional Center).[3]

The Court rejects Alford's first ground.

**B. Alford's second ground in support of transfer fails.**

Alford's second ground in support of transfer fails. According to Alford, the Double Jeopardy clause of the U.S. Constitution's Fifth Amendment barred his prosecution by state and federal authorities for the same underlying conduct. Doc. 6 at 6. That is wrong. The dual sovereign doctrine permits state and federal authorities to each undertake prosecutions for the same underlying conduct without violating double jeopardy. *Gamble v. United States*, 587 U.S. 678, 681 (2019).

The Court rejects Alford's second ground.

**C. Alford's third ground in support of transfer fails.**

Alford's third ground in support of transfer fails. According to Alford, his lawyer was ineffective because his co-defendant Jana Stowers—who received representation from a paid attorney—obtained an acquittal. Doc. 1 at 6. That is wrong.

Criminal defendants have a Sixth Amendment right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To demonstrate a Sixth Amendment violation, the party claiming ineffective assistance must show that defense counsel's performance fell "outside the wide range of reasonable professional assistance." *O'Neil v. United States*, 966 F.3d 764, 771 (8th Cir. 2020) (quotation marks omitted). Alford has not pointed to any unreasonable decisions by his defense

---

[2] Application for Writ of Habeas Corpus Ad Prosequendum, *United States v. Alford*, 4:18-cr-831 (E.D. Mo. October 10, 2018) (Doc. 8).

[3] Alford asserts that his federal sentence is not running concurrently with his state sentence. Doc. 1-1 at 1. But the federal judgment of conviction mandated a concurrent sentence. Doc. 1-2 at 2. And a Missouri Corrections official confirmed that the sentences are running concurrently. Doc. 1-1 at 1. The Court declines to credit Alford's bare assertion to the contrary.

counsel. Doc. 1 at 6–7 (showing the absence of facts supporting his ineffective assistance claim). Thus, Alford cannot satisfy the *Strickland* test.

The Court rejects Alford's third ground.

**D. Alford's fourth ground in support of transfer fails.**

Alford's fourth ground in support of transfer fails. According to Alford, the conditions of confinement in state prison warrant transfer. Doc. 7 at 3–5. But a habeas petition under 28 U.S.C. § 2241 cannot remedy conditions of confinement. *Spencer v. Haynes*, 774 F.3d. 467, 470 (8th Cir. 2014).

The Court rejects Alford's fourth ground.

**E. Alford's fifth ground in support of transfer fails.**

Alford's fifth ground in support of transfer fails. Alford argues that his federal judgment of conviction requires federal custody. Doc. 7 at 2–3. That is wrong.

The federal judgment of conviction does include form language about Alford being placed in the custody of the Federal Bureau of Prisons to serve his sentence. Doc. 1-2 at 2. But the judgment does not address whether Missouri retains primary jurisdiction over Alford. Doc. 1-2; *see Elwell*, 716 F.3d at 482 (a "federal sentence does not commence during or after the period of writ of habeas corpus *ad prosequendum* but rather after service of state sentence[.]") (citing *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008). Accordingly, the judgment should not be interpreted to divest Missouri of primary jurisdiction over Alford without any explanation.

The Court rejects Alford's fifth argument.

**Conclusion**

Alford's petition for habeas corpus under 28 U.S.C. § 2241, Doc. 6, is **DENIED** and **dismissed**. The Court **DENIES** all pending motions as moot.

**SO ORDERED,**

This 24th day of November, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE